**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001232
28-SEP-2018
12:26 PM**

NO. CAAP-14-0001232

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN RE MARN FAMILY LITIGATION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(MASTER FILE NO. 00-1-MFL 3RD)
(CIVIL NOS. 98-5371-12 and 98-4706-10)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

This appeal arises from the sale of property located at 608 N. Judd Street in Honolulu, Hawaiʻi (**property**).  Plaintiff-Appellee Thomas Hayes (**Receiver Hayes**), as Liquidating Receiver of McCully Associates, and as Successor in Interest to Ronald K. Kotoshirodo, Receiver Pendente Lite for Pumehana Associates,[1] sold the property to Top Well Management, LLC (**Top Well**).[2] Defendant-Appellant Alexander Y. Marn (**Alexander**)[3] appealed from

_____

[1]  On September 22, 2015, Receiver Hayes was substituted for Ronald K. Kotoshirodo (**Receiver Kotoshirodo**) as receiver pendente lite for Pumehana Associates.  On October 5, 2015, after the answering brief was filed, S. Steven Sofos was substituted for Receiver Hayes as liquidating receiver for McCully Associates and Ala Wai Investment, Inc.

[2]  Top Well Management, LLC is a Hawaiʻi limited liability company.

[3]  Alexander and Eric Y. Marn (**Eric**), each *pro se*, filed a single notice of appeal.  However, by way of this court's May 21, 2015 order, this court dismissed Eric's appeal pursuant to Hawaiʻi Rules of Appellate Procedure
(continued...)

the following, entered in favor of Receiver Hayes in the Circuit Court of the First Circuit (**circuit court**):[4]

(A) an "Order Granting Receiver's Motion to Confirm Sale of 608 N. Judd Street, Filed July 14, 2014" (**Order Confirming Sale**) filed on September 30, 2014; and

(B) a Judgment filed on October 15, 2014.

On appeal, Alexander contends that: (1) the appeal is not moot and he has standing to challenge the confirmation of sale of the property; (2) the circuit court erred in ruling that his offer to purchase the subject property was not viable; (3) the circuit court erred in confirming the sale of the subject property when title to the property was in litigation; and (4) as a related error, the circuit court abused its discretion in granting post-judgment modification of "McCully Associates' MSC Holdback Agreement."[5]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Alexander's appeal as follows.

Receiver Hayes argues that this appeal is moot due to the sale of the subject property to Top Well and Alexander's failure to obtain a stay of the Order Confirming Sale and related Judgment. "[M]ootness is an issue of subject matter jurisdiction." State v. Nakanelua, 134 Hawaiʻi 489, 501, 345 P.3d 155, 167 (2015) (citation and internal quotations omitted). We review issues of mootness de novo. Bank of New York Mellon v.

---

[3](...continued)
(**HRAP**) Rule 30 because of Eric's failure to file an opening brief or seek relief from default of the opening brief. Thus, the appeal proceeded only with Alexander as an appellant. Alexander subsequently retained counsel who filed Alexander's opening brief. Thereafter, on March 29, 2016, Alexander's counsel withdrew.

[4] The Honorable Rhonda A. Nishimura presided.

[5] Alexander filed a "Supplement to Opening Brief" without requesting or obtaining leave to do so. We ordered Alexander's supplement to be stricken.

R. Onaga, Inc., 140 Hawai'i 358, 365, 400 P.3d 559, 566 (2017) (citation omitted).

With regard to mootness, the Hawai'i Supreme Court has stated:

> [A] case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where events have so affected the relations between the parties that the two conditions of justiciability relevant on appeal--adverse interest and effective remedy--have been compromised.

Id. at 365, 400 P.3d at 566 (citation omitted).  In short, "[a] case is moot if the reviewing court can no longer grant effective relief."  Id. at 366, 400 P.3d at 567 (citation omitted).

In R. Onaga, Inc., the Hawai'i Supreme Court concluded that an appeal in a foreclosure action from an order confirming sale of property was moot because the appellant did not obtain a stay of the proceeding prior to the sale of the property to a bona fide purchaser.  Id. at 360, 400 P.3d at 561.  In its analysis, the supreme court adopted the general rule stated by this court in City Bank v. Saje Ventures II, 7 Haw. App. 130, 748 P.2d 812 (1988), that "the right of a good faith purchaser to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a supersedeas bond has not been filed."  R. Onaga, Inc., 140 Hawai'i at 360, 400 P.3d at 561.  Further, although R. Onaga, Inc. dealt with a foreclosure action, we have noted that "[i]t is well established that a receiver's sale is a judicial sale."  In re Marn Family Litigation, No. CAAP-12-0000574, 2015 WL 8547300, at *1 n.3 (Hawai'i App. Dec. 11, 2015) (SDO) (citing Smith v. Pac. Heights Ry. Co., 17 Haw. 96, 98 (Haw. Terr. 1905)).

In City Bank, this court explained that:

> [t]he purpose of the rule is to advance "the stability and productiveness of judicial sales[.]"  47 Am.Jur.2d Judicial Sales § 55 (1969).  An exception to the rule is where the reversal is based on jurisdictional grounds.  Id. at § 54. The second exception is where the purchaser is the mortgagee since he "does not free himself from the underlying dispute to which he is a party[.]"  [Leisure Campground [& Country Club Ltd. Partnership v. Leisure Estates,] 280 Md. [220,] 223, 372 A.2d [595,] 598 [(1977)].  See also 47 Am.Jur.2d Judicial Sales §§ 59-61.

3

7 Haw. App. at 133, 748 P.2d at 814. We noted in <u>City Bank</u> that the purchaser of the property was a third party, good faith purchaser,[6] and that there was "no stay of the execution of the confirmation order and the sale of the Property has been closed." <u>Id.</u> at 133, 748 P.3d at 814-15.

In <u>R. Onaga, Inc.</u>, the supreme court held that an appellant challenging a foreclosure sale must post a supersedeas bond or otherwise obtain a stay pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 62 or HRAP Rule 8. 140 Hawaiʻi at 367, 400 P.3d at 568. The supreme court determined that because the appellant in <u>R. Onaga, Inc.</u> failed to obtain a stay by posting a bond, appellant could not "attack a good-faith purchaser's title to property purchased at a judicial sale and confirmed by court order." <u>Id.</u>[7] Thus, the supreme court concluded that "[i]f a stay is not obtained and the property is sold to a bona fide purchaser, the appeal should be dismissed as moot because no effective relief can be granted." <u>Id.</u> at 370, 400 P.3d at 571.

In the instant case, the judicial sale of the property was confirmed by the circuit court on September 30, 2014.[8] More than two months later, on December 1, 2014 and January 5, 2015, respectively, Alexander filed motions before both the circuit

---

[6] "An 'innocent' or good faith purchaser is 'one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller.'" <u>R. Onaga, Inc.</u>, 140 Hawaiʻi at 367 n.13, 400 P.3d at 568 n.13 (citation omitted).

[7] The supreme court in <u>R. Onaga, Inc.</u> noted that its holding did not extend to:

> cases in which the underlying order ratifying the sale has been reversed on jurisdictional grounds, or when the purchaser of the property is the mortgagee. <u>See</u> <u>City Bank</u>, 7 Haw. App. at 133, 748 P.2d at 814. Nor does it apply to cases in which a court has granted a party's motion for relief from judgment or order pursuant to HRCP Rule 60(b).

140 Hawaiʻi at 367 n.16, 400 P.3d at 568 n.16.

[8] On July 14, 2014, Receiver Kotoshirodo filed his "Motion to Confirm the Sale of 608 N. Judd Street."

court and this court seeking, *inter alia*, a supersedeas bond to stay the closing of the sale under HRCP Rule 62(d) and HRAP Rule 8. Both the circuit court and this court denied Alexander's motions for a stay.[9] In the interim, on December 22, 2014, the sale of the property closed and a limited warranty deed to the buyer, Top Well, was recorded in the Land Court on December 29, 2014. It was Alexander's burden to obtain a stay of the sale of the property, which he did not do. See R. Onaga, Inc., 140 Hawai'i at 367, 400 P.3d at 568; Lathrop v. Sakatani, 111 Hawai'i 307, 313, 141 P.3d 480, 486 (2006).

Here, although Alexander belatedly sought a stay, the circuit court ruled that his proposal to obtain a stay was inadequate. On January 6, 2015, the circuit court held a hearing on Alexander's motion for a supersedas bond and stated in relevant part:

> The dollar amount proposed, not in terms of a financial plan, but proposed by the movant, was 125,000. But there's no surety. There's no bond. There's nothing deposited, no alternative security which shows a present financial ability in terms of a judgment lien on any type of property.

The circuit court denied the motion. Likewise, this court denied Alexander's request for a stay.

Alexander further argues, however, that the sale of the property to Top Well does not render the appeal moot because: (1) Top Well was not "a bona fide purchaser" given that it had notice of pending litigation and demanded special conditions to purchase the property; and (2) Alexander's inability to obtain a stay is immaterial.[10]

---

[9] In its answering brief, Receiver Hayes requests that we take judicial notice of various filings made in the circuit court after this appeal was filed, attached as Exhibits A-G to the answering brief and Declaration of Counsel. We hereby take judicial notice of Exhibits A-G and note that both Alexander and Receiver Hayes make several references to the exhibits. See Hawaii Rules of Evidence (HRE) Rule 201; State v. Abdon, 137 Hawai'i 19, 26, 364 P.3d 917, 924 (2016) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[10] Alexander makes several assertions in his points of error section related to mootness, but provides no supporting argument as to some, which we accordingly deem waived. See HRAP Rule 28(b)(4) and (7).

In support of his first contention, Alexander points to the "Indemnification by Seller" provision in the Purchase and Sale Agreement (**PSA**) entered into by Top Well and Receiver Kotoshirodo, which contains acknowledgments about pending and potential litigation, as well as appeals, and in which Receiver Kotoshirodo agrees to "fully indemnify, defend and hold harmless [Top Well], its principal owners, officers, agents[.]" Alexander maintains that the provision in the PSA shows that Top Well was "induced to purchase with special conditions" and thus, Top Well is not a "bona fide good faith purchaser."

In R. Onaga, Inc., the supreme court adopted the doctrine providing for dismissal of appeals as moot when property purchased in a foreclosure action has been sold. 140 Hawai'i at 360, 400 P.3d at 561. The supreme court also noted that the "purpose of the rule is to advance 'the stability and productiveness of judicial sales.'" Id. at 366, 400 P.3d at 567 (quoting 47 Am. Jur. 2d Judicial Sales § 55 (1969))[11].

In the instant case, Alexander appears to argue that a purchaser is not a good faith purchaser where the purchaser has notice about potential litigation involving the property being sold in the judicial sale. This argument has been rejected previously. See In re Marn Family Litigation, 2015 WL 8547300, at *4 ("[V]irtually every purchaser of a property in a judicial sale has notice of the pending litigation which, if we adopted Marn's argument, would leave virtually every judicial sale

---

[11] The 2006 version of this section is 47 Am. Jur. 2d. Judicial Sales § 20 (2006), which states:

> The reversal of a decree directing a judicial sale, on account of an error or irregularities not going to the jurisdiction, does not vitiate the title of one who, as a stranger to the proceeding, has in good faith purchased property at the sale, either before an appeal or writ of error or pending the same without supersedeas. This principle advances the stability and productiveness of judicial sales and the value of titles derived under them and operates as well in the interests of the owners of the property sold as for the protection of purchasers.

(Footnotes omitted).

unsettled, even absent a stay pending appeal. This result would be completely contrary to the policy of advancing the stability and productiveness of judicial sales.") (footnote omitted); see also 47 Am. Jur. 2 Judicial Sales § 23 (2006) ("The fact that a purchaser at a judicial sale has notice merely of a contemplated appeal from the decree directing the sale does not deprive such purchaser of the status of a purchaser in good faith.") (footnote omitted).

Alexander's second contention, arguing that the sale to Top Well does not render the appeal moot, is that his inability to obtain a stay is immaterial. Alexander appears to argue that, because he made efforts to obtain a stay and the sale of the property closed prior to a hearing on his motion for a stay, the mootness rule does not apply. Alexander provides no authority for his argument. Given his delay in seeking a stay, and the case law holding that it was his burden to obtain a stay, see R. Onaga, Inc., 140 Hawai'i at 367, 400 P.3d at 568 and Lathrop, 111 Hawai'i at 313, 141 P.3d at 486, Alexander's contention is without merit.

Moreover, neither of the two exceptions set forth in City Bank apply because Alexander does not request a reversal based on jurisdictional grounds and Top Well was not a mortgagee for the property. See City Bank, 7 Haw. App. at 133, 748 P.2d at 814 ("An exception to the rule is where the reversal is based on jurisdictional grounds. The second exception is where the purchaser is the mortgagee[.]") (citations omitted).

Lastly, none of the general exceptions to mootness (i.e., the "capable of repetition, yet evading review" (**CRER**) exception, the public interest exception, and the "collateral consequences" exception) preclude application of the mootness doctrine in this appeal. See Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008) (discussing mootness exceptions and adopting the collateral consequences exception in cases involving domestic violence temporary restraining orders (**TRO**) where there is a reasonable possibility of prejudicial

collateral consequences as a result of the entry of the TRO); City Bank v. Abad Artemio M. Abad Revocable Tr. Gloria P. Abad Revocable Tr., No. 27953, 2009 WL 5084083 (Hawai'i App. Dec. 28, 2009) (SDO) (holding that the CRER and public interest exceptions did not apply in a foreclosure case where defendants did not file a supersedeas bond).

Because we conclude that this appeal is moot, we do not address Alexander's other arguments on appeal.

Therefore, given the above, we dismiss this appeal as moot.

DATED: Honolulu, Hawai'i, September 28, 2018.

On the brief:

Louise K.Y. Ing,
Zachary M. DiIonno,
Laura P. Mortiz,
for Plaintiff-Appellee.

Daniel W. Kelsberg,
for Defendant-Appellant.

Chief Judge

Associate Judge

Associate Judge